# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

IN THE MATTER OF THE )   No. 70486-9-I
PERSONAL RESTRAINT OF: )
WILLIAM F. JENSEN, )   DIVISION ONE
 )   UNPUBLISHED OPINION
Petitioner. )
 )   FILED: December 30, 2013

PER CURIAM. William Jensen files this personal restraint petition

challenging the failure of the Department of Corrections (DOC) to award him

earned time while in administrative segregation as well as its refusal to expunge

records of an investigation of misconduct. We grant the petition in part and

remand to DOC for an adjustment of Jensen's earned time. Jensen's motion for

oral argument is denied.

Jensen is a former King County Sheriff's deputy who was convicted of

two counts of solicitation to commit first-degree murder. Because of his status

as a former law enforcement officer, Jensen is housed outside of the general

population. At the time of the challenged incident, Jensen resided in the BAR

unit at the Washington State Penitentiary, where offenders who are considered

vulnerable are housed.

In January 2011, Jensen was accused of soliciting sex by a fellow inmate

in the BAR unit. In order to separate the two men while the allegation was

investigated, and because neither Jensen nor the other inmate could be placed

in the general population, Jensen was placed in administrative segregation. An investigator ultimately determined that the allegation was unfounded. During the period he was in administrative segregation, Jensen was denied the opportunity to receive 13.53 days of earned time.[1]

To obtain relief from a DOC decision from which he has had "no previous or alternative avenue for obtaining state judicial review," Jensen must show that he is under a restraint and the restraint is unlawful. In re Pers. Restraint of Cashaw, 123 Wn.2d 138, 149, 866 P.2d 8 (1994); RAP 16.4. Jensen is under restraint by virtue of his incarceration. In re Pers. Restraint of Pullman, 167 Wn.2d 205, 211, 218 P.3d 913 (2009). A showing that a decision by a government agency failed to comply with the agency's own rules or regulations is sufficient to show the unlawfulness of the restraint. Cashaw, 123 Wn.2d at 149.

At the time of the challenged incident, DOC Policy 350.100, governing earned release time, specified that an offender is not eligible for earned time if he or she "serves 20 days or more in one calendar month in Administrative Segregation/Intensive Management status or disciplinary segregation[.]" However, the policy further stated, "For other than negative behavior, offenders

---

[1] A sentence may be reduced by "earned release time"; a combination of "good conduct time," which are credits awarded to an inmate that can be lost if inmate commits disciplinary infractions; and "earned time," which are credits an inmate can earn by participating in various prison programs and engaging in other positive behavior. RCW 72.09.130, RCW 9.94A.729, WAC 137-30-020. Offenders convicted of a serious violent offense committed after July 1, 1990 and before July 1, 2003, such as Jensen, can receive earned release time up to 15 percent of their sentence.

on Administrative Segregation/Intensive Management Status will continue to earn earned time at the rate allowed by crime category."[2]

Here, DOC did not follow its own policy when it denied Jensen the opportunity to accumulate earned time while placed in administrative segregation. Because the investigation concluded that Jensen committed no wrongdoing, he was not placed in administrative segregation for "negative behavior."[3] Moreover, DOC concedes that the reason Jensen was placed in administrative segregation instead of the general population during the investigation was for his own protection and safety.[4]

Jensen also argues that he is entitled to have DOC expunge the records of the January 2011 incident from his file because it was investigated and the allegations were determined to be unfounded. But DOC Policy 460.000, which Jensen cites, involves expungement of records following disciplinary hearings. Jensen was never infracted nor underwent a disciplinary hearing for the January 2011 incident because an investigation revealed the allegations were unfounded. Jensen claims that the retention of the records violates his right to

---

[2] This is identical to the language of WAC 137-30-030(c)(iv).

[3] According to DOC Policy 320.200, there are five reasons an inmate may be placed in administrative segregation: (1) he poses a threat to self, others or the facility; (2) he is in need of protection; (2) he is pending transfer to a more secure facility; (4) he poses an escape risk; or (5) he is pending investigation. Because DOC Policy 350.100 differentiates between placement in administrative segregation for "negative behavior" and placement for other reasons, it is clear that not all of these reasons constitute "negative behavior."

[4] DOC's explanation is borne out by the fact that Jensen had previously been placed in administrative segregation during the investigation of an allegation that he solicited another inmate to assault a staff member, but that he was found not guilty of the infraction at a disciplinary hearing and therefore accumulated earned time during his placement in administrative segregation.

3

due process, citing <u>Burnsworth v. Gunderson</u>, 179 F.3d 771 (9th Cir. 1999). But <u>Burnsworth</u> involves only the expungement of an infraction that was not supported by sufficient evidence, not the expungement of any records pertaining thereto. Because Jensen does not establish that he has a protected liberty interest in the expungement of his records, nor that DOC violated its policy regarding investigation records, he does not establish a claim for relief.

Accordingly, we grant the petition in part and remand to DOC for Jensen to be credited with the earned time he accumulated while placed in administrative segregation during investigation of the January 2011 incident.

For the court:

Becker, J.

Appelwick, J.

Spearman, A.C.J.